UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFAEL BATISTA,<br><br>    Plaintiff,<br><br>  v.<br><br>HEAVY CONSTRUCTION CO., INC. and STENIS LOMONACO, Jointly and Severally,<br><br>    Defendants. | ECF CASE<br><br>No.:_____<br><br><u>COMPLAINT</u><br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1. Plaintiff Rafael Batista worked for Heavy Construction Co., Inc. and Stenis Lomonaco ("Defendants") at their construction company in a variety of positions, including as a dump truck driver, paver, roadbuilder and core driller on numerous private and publicly financed construction and restoration projects within the State of New York, from March 2016 to April 6, 2018.[1] Plaintiff brings this action against Defendants to recover unpaid wages and benefits to which he was statutorily and contractually entitled to receive for work performed during his employment.

2. Plaintiff alleges that Defendants willfully violated the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"), by failing to pay him overtime premium pay.

3. Plaintiff alleges Defendants violated the New York Labor Law by (i) failing to pay overtime premium pay, (ii) failing to pay for all hours worked, (iii) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (iv) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment.

---

[1] The dates and time ranges in this Complaint are based on Plaintiff's current memory and best estimates.

4. Plaintiff alleges claims against Defendants for unpaid prevailing wages and supplemental benefits to which he was statutorily and contractually entitled to for work performed on various publicly financed construction projects within the State of New York ("Public Works Projects").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b).

6. Venue is proper in this District under 28 U.S.C. §§1391(b)(1), 1391(b)(2): Defendants are residents of this District; and a substantial part of the events giving rise to the action occurred in this District.

7. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff Rafael Batista was and is, at all relevant times, an adult individual, residing in Queens, New York.

9. Defendant Heavy Construction Co., Inc. is a domestic business corporation organized under New York law, with its principal place of business at 138-13 Springfield Boulevard, Queens, New York, 11413.

10. Heavy Construction is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Heavy Construction is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon

information and belief, its annual gross volume of business is at least $500,000.00. These goods and services include heavy machinery, construction tools, dump trucks, asphalt and cement.

11. Defendant Stenis Lomonaco was and is, at all relevant times, an adult individual who, upon information and belief, resides in Queens, New York.

12. Defendant Stenis Lomonaco owns, operates and controls Heavy Construction's day-to-day operations and management and jointly employed Plaintiff at all relevant times.

13. Defendants, individually or jointly, have employed Plaintiff as each controlled his work schedule and employment conditions, determined his payment rate and method, and kept at least some records regarding their employment.

STATEMENT OF FACTS

14. At all relevant times, Defendants operated a construction business providing construction and restoration work on Public Works Projects in the State of New York.

15. Upon information and belief, Defendants employ at least 15 individuals at any one given time.

16. Defendants employed Plaintiff from March 2016 to April 6, 2018 in various construction and restoration positions to perform work on three Public Works Projects and to work on their yard.

17. During his employment with Defendants on Public Works Projects, Plaintiff's duties included using heavy machinery to build roads, laying cement, measuring and checking the quality and correct qualifications of cement, laying asphalt for temporary, patchwork and paving, sidewalk restoration, installing and repairing temporary construction, sealing of roads, painting curbs, caulking, core drilling, and driving a dump truck.

18. When Plaintiff worked for Defendants at their yard, he generally worked as a mechanic fixing heavy machinery, including excavators, dump trucks, compressors and drill machines.

Hours Worked and Unpaid Wages[2]

19. Plaintiff worked for Defendants on Public Works Projects from Monday to Friday, and worked at Defendants' yard on Sundays.

20. During his employment with Defendants, Plaintiff generally worked on the Public Works Projects, Monday to Friday, from 6:30 a.m. or 7:00 a.m. to 5:00 p.m. or 6:30 p.m., equaling 10 to 12-hour days and 50 to 60 hours per week.

21. During his employment, between December and February, when the temperatures were too cold to work with cement or asphalt, Plaintiff worked for Defendants in their yard.

22. In addition to the hours Plaintiff worked on the Public Works Projects, he regularly worked at Defendants' yard on Sundays, 7 to 8 hour per day, 2 to 4 weeks per month, increasing his total hours worked between 57 and 68 hours.

23. Despite working these hours on Public Work Projects and on the yard, Defendants paid Plaintiff a daily $230.00 salary, regardless of how many hours he worked.

24. Plaintiff's effective hourly rate was between $20.29 and $27.60 (($230.00 x 6 days) / 68 hours) and ($230.00 x 6 days) / 50 hours)).

25. Although Plaintiff regularly worked more than 40 hours per week, by paying Plaintiff a fixed daily salary, Defendants failed to pay him overtime premium pay: 1.5 times his regular hourly rate for every hour worked over 40 in a given week.

---

[2] These subject lines are included only for organizational purposes.

26. At least twice a month, Defendants failed to pay Plaintiff any wages for the sixth day of work, further failing to pay him at the applicable overtime rate for every hour worked over 40 in a given week.

Breach of Public Work Contracts

27. The work performed by Plaintiff on the Public Works Projects was governed by contracts that required the payment of prevailing wages and supplemental benefits to him for every hour worked ("Public Work Contracts").

28. Upon information and belief, the Public Works Contracts called for Defendants to furnish the necessary labor, material, and/or equipment to perform various work, including construction and restoration of roads, installing of catch basins and manhole cover replacements, on the Public Works Projects.

29. Upon information and belief, the schedule of prevailing rates of wages and supplements ("Prevailing Wage Schedule") to be paid to all workers furnishing labor on the site of the Public Works Project, including Plaintiff, was annexed to and formed a part of the Public Works Contracts.

30. Upon further information and belief, the Prevailing Wage Schedule annexed to the Public Works Contracts was the schedule of prevailing rates of wages and supplemental benefits issued for the year in which the Public Works Contracts was let. The "prevailing rate of wage" is the rate of wage paid in the locality by virtue of collective bargaining agreements between *bona fide* labor organizations and employees of the private sector. *See* New York Labor Law § 220.

31. This promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the Public Works Contracts was made for the benefit of all workers furnishing

labor on the Public Works Projects and, as such, the workers furnishing labor on the sites of the Public Works Projects are the beneficiaries of that promise.

32. Upon information and belief, the prevailing wage and benefit rate that Defendants were required to pay Plaintiff pursuant to the Public Works Contracts for labor furnished on the Public Works Projects was higher than the rate of pay Defendants actually paid him.

33. Defendants failed to pay Plaintiff the applicable prevailing wages, supplemental benefits and overtime compensation at the applicable rates that he was statutorily and contractually entitled to receive on the Public Works Projects.

34. Upon information and belief, Defendants' violations of the Prevailing Work Contracts can result in them not being awarded any additional prevailing wage jobs.

Unpaid Wages and Benefits on the Sidewalk Project

35. From March 2016 to December 23, 2016, Plaintiff worked for Defendants at the sidewalk repair project (Code No. HWX.2014) for the New York City Department of Design and Construction ("DDC") in Bronx, New York ("Sidewalk Project").

36. From March 2016 to December 2016, Plaintiff generally worked as a dump truck driver or as a paver and roadbuilder the vast majority of his time and occasionally worked as a core driller, drilling approximately 200 cores on the Sidewalk Project.

37. From March 2016 to June 30, 2016, the hourly prevailing wage rate for Plaintiff as a dump truck driver was $39.53 and the hourly supplemental benefit rate was $41.59[3]. From July 1, 2016 to December 23, 2016, the wage rate and supplement benefit rate increased to $40.15 and $43.39[4], respectively.

---

[3] https://comptroller.nyc.gov/wp-content/uploads/documents/220-schedule2015-2016.pdf
[4] https://comptroller.nyc.gov/wp-content/uploads/documents/220-schedule2016-2017.pdf

38. From March 2016 to June 30, 2016, the hourly prevailing wage rate for Plaintiff as a paver and roadbuilder laborer was $40.98 and the hourly supplemental benefit rate was $36.92.[5] From July 1, 2016 to December 23, 2016, the wage rate and supplement benefit rate increased to $41.48 and $38.95[6], respectively.

39. From March 2016 to June 30, 2016, the hourly prevailing wage rate for Plaintiff as a core driller was $37.82 and the hourly supplemental benefit rate was $24.00. From July 1, 2016 to December 23, 2016, the wage rate and supplement benefit rate increased to $37.82 and $24.00[7], respectively.

40. Plaintiff did not work for Defendants from December 24, 2016 to March 2017.

Unpaid Wages and Benefits on the Basin Project

41. From mid-March 2017 to September 2017, Plaintiff worked for Defendants at the catch basin repair project (Code No. SECBRPQ10) for New York City Department of Environmental Protection ("DEP") ("Basin Project").

42. From March 2017 to September 2017 on the Basin Project, Plaintiff generally split his time almost evenly between working as a paver and roadbuilder and a dump truck driver.

43. Upon information and belief, from March 2017 to June 30, 2017, Plaintiff's prevailing wage rate, as a paver and roadbuilder was $41.48 and his supplemental benefit rate was $38.95 per hour, and his prevailing wage rate as a dump truck driver was $40.15 and the supplemental benefit rate was $43.39[8] per hour.

---

[5] https://comptroller.nyc.gov/wp-content/uploads/documents/220-schedule2015-2016.pdf
[6] https://comptroller.nyc.gov/wp-content/uploads/documents/220-schedule2016-2017.pdf
[7] https://comptroller.nyc.gov/wp-content/uploads/documents/220-schedule2015-2016.pdf; https://comptroller.nyc.gov/wp-content/uploads/documents/220-schedule2016-2017.pdf
[8] https://comptroller.nyc.gov/wp-content/uploads/documents/220-schedule2016-2017.pdf

44. Upon information and belief, from July 1, 2017 to September 2017, Plaintiff's prevailing wage rate, as a paver and roadbuilder was $41.98 and his supplemental benefit rate was $40.98 per hour, and his prevailing wage rate as a dump truck driver was $41.18 and the supplemental benefit rate was $44.79[9] per hour.[10].

Unpaid Wages and Benefits on the Manhole Project

45. From September 2017 to April 6, 2018, Plaintiff worked as a core driller and dump truck driver on the manhole cover replacement project (Code No. HDWR17Q) for DDC and DEP in Queens, New York ("Manhole Project").

46. From September 2017 to April 6, 2018, Plaintiff's hourly rate as a dump truck driver was $40.18 and the supplemental benefit hourly rate was $44,79[11].

47. From September 2017 to January 21, 2018, Plaintiff's hourly prevailing wage rate as a core driller was $38.82 and the hourly supplemental benefit rate was $24.66.[12] From January 22, 2018 to April 6, 2018, the prevailing wage and supplement benefit rates increased to $39.69 and $25.45, respectively.

Labor Law Notice and Wage Statement Violations

48. Defendants paid Plaintiff in cash during his entire employment.

49. Defendants did not post a poster advising Plaintiff of his rights to a minimum wage and overtime premium pay at their office or any job location.

---

[9] https://comptroller.nyc.gov/wp-content/uploads/documents/220-schedule2016-2017.pdf
[10] https://comptroller.nyc.gov/wp-content/uploads/documents/220-schedule2017-2018.pdf
[11]*Id.*
[12]*Id.*

50. Defendants failed to provide Plaintiff with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when he was hired or at any point in his employment.

51. Defendants did not provide Plaintiff with an accurate wage statement under N.Y. Lab. Law § 195.3 with any wage payment.

FIRST CAUSE OF ACTION
FAILURE TO PAY OVERTIME
UNDER THE FLSA

52. Plaintiff realleges every preceding allegation as if set forth fully herein.

53. Defendants employed Plaintiff within the meaning of the FLSA.

54. Defendants knowingly failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

55. Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56. Defendants were required to pay Plaintiff no less than 1.5 times the regular rate at which he was employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

57. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff the proper overtime compensation for his hours worked in excess of 40 per workweek.

58. Although Plaintiff regularly worked more than 40 hours per week, by paying Plaintiff a fixed daily salary, Defendants failed to pay him overtime premium pay: 1.5 times his regular hourly rate for every hour worked over 40 in a given week.

59. Defendants regularly failed to pay Plaintiff any wages for his sixth day of work per week, further failing to pay him overtime at the applicable hourly rate for every hour worked over 40 in a given week.

60. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

61. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

62. Because Defendants' FLSA violations were willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

63. Defendants have failed to make, keep and preserve records with respect to Plaintiff, their employee, sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

64. As a result of Defendants' FLSA violations, Plaintiff has suffered damages by being denied overtimes wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
FAILURE TO PAY THE OVERTIME PREMIUM PAY
UNDER THE NEW YORK LABOR LAW

65. Plaintiff realleges every preceding allegation as if set forth fully herein.

66. Defendants are "employers" within the meaning of Labor Law §§ 190, 196-d, 651(5), 652 and supporting New York Statement Department of Labor Regulations and employed Plaintiff.

67. The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

68. The unpaid wages at issue in this claim are "wages" under N.Y. Lab. Law § 190(1).

69. Under the Labor Law and supporting New York Statement Department of Labor Regulations, Defendants were required to pay Plaintiff one-half (1.5) times his regular rate of pay for all hours he worked in excess of 40 per workweek.

70. Defendants failed to pay Plaintiff wages for all hours worked, including the overtime wages to which he was entitled, violating N.Y. Lab Law § 650 and Part 142, § 142-2.2 of Title 12 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

71. Labor Law § 193 prohibits deductions from wages that are not made in accordance with the provisions of any law or any rule or regulation issued by any governmental agency and are not expressly authorized in writing by the employees and are not for the benefit of the employee.

72. Pursuant to Labor Law § 191 and the cases interpreting same, an employee such as Plaintiff, is entitled to be paid all his weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

73. By withholding wages and overtime payments for time worked after 40 hours in one week from Plaintiff, pursuant to N.Y. Lab. Law § 193, Defendants made unlawful deductions in wages owed to him.

74. Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing overtime

wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. § 137-2.3, *et seq.*

75. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff the correct amount of overtime wages.

76. Due to Defendants' Labor Law violations, Plaintiff is entitled to recover from them his unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

THIRD CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW

77. Plaintiff realleges every preceding allegation as if set forth fully herein.

78. Defendants have willfully failed to supply Plaintiff with the required statement with every payment of wages, violating Labor Law § 195.3.

79. Due to Defendants' violations of N.Y. Lab Law § 195.3, Plaintiff is entitled to recover from Defendants $250.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

FOURTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE
UNDER THE NEW YORK LABOR LAW

80. Plaintiff realleges every preceding allegation as if set forth fully herein.

81. Defendants have willfully failed to supply Plaintiff with the required Notice and Acknowledgement of Pay Rate and Payday under NYLL § 195.1(a) within ten business days of his first employment date.

82. Due to Defendants' violations of Labor Law § 195.1, Plaintiff is entitled to recover from them $100.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. New York. Lab. Law § 198(1)-b (2016).

## FIFTH CAUSE OF ACTION:
### BREACH OF THE PUBLIC WORKS CONTRACTS

83. Plaintiff realleges every preceding allegation as if set forth fully herein.

84. Upon information and belief, the Public Works Contracts entered into by Defendants, contained schedules of the prevailing rates of wages and supplemental benefits to be paid a requirement to Plaintiff.

85. Those prevailing rates of wages and supplemental benefits were made a part of the Public Works Contracts for the benefit of Plaintiff.

86. Defendants breached the Public Works Contracts by willfully failing to pay and ensure payment to Plaintiff the prevailing rates of wages and supplemental benefits for all labor performed upon the Public Works Projects.

87. By reason of its breach of the Public Works Contracts, Defendants are liable to Plaintiff in the amount to be determined at the trial, plus interest, costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

b. An award for unpaid overtime premium pay under the Labor Law and the FLSA;

c. An award for failing to provide the N.Y. LAB. LAW § 195.1 Notice;

    d. An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

    e. An award of liquidated damages as a result of Defendants' Labor Law violations;

    f. An award of liquidated damages as a result of Defendants' willful FLSA violations;

    g. An award of prevailing wages under the Public Works Contracts;

    h. An award of supplemental benefits under the Public Works Contracts;

    a. An award of pre-judgment and post-judgment interest;

    b. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    c. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated:  New York, New York
    July 30, 2020

LIPSKY LOWE LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky
Milana Dostanitch
420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
212.392.4772
doug@lipskylowe.com
milana@lipskylowe.com
*Attorneys for Plaintiff*