UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAFAEL BATISTA,

                  Plaintiff,

        v.

HEAVY CONSTRUCTION CO., INC.
AND STENIS LOMONACO, Jointly and
Severally,

                Defendants.

ECF CASE

No.: 1:20-cv-03431-RPK-RER

---

## MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES' MOTION FOR APPROVAL OF THE FAIR LABOR STANDARDS ACT SETTLEMENT AGREEMENT

---

Dated:  New York, New York
       February 3, 2021

**LIPSKY LOWE LLP**
420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
212.392.4772
*Plaintiff's Counsel*

TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... ii

PRELIMINARY STATEMENT .......................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND ........................................... 2

    I.     Summary of Plaintiff's Claims ................................................................. 2

    II.    Summary of Defendants' Defenses .......................................................... 4

    III.   Defendants, Settlement Negotiation History and Settlement Terms .................... 5

    IV.   Procedural History .................................................................................. 5

LEGAL ARGUMENT ........................................................................................ 6

    I.     THE SETTLEMENT AGREEMENT SHOULD BE APPROVED AS IT IS FAIR AND REASONABLE UNDER THE CIRCUMSTANCES AND COMPLIES WITH THE SECOND CIRCUIT'S DECISION IN *CHEEKS V. FREEPORT PANCAKE HOUSE,INC*……………………………………………………......6

         A.     The Settlement Agreement is Fair and Reasonable ................................... 6

              1.    Case Complexity, Expense and Duration of Litigation ................. 7

              2.    The Stage of the Proceedings ......................................................... 7

              3.    The Risks of Establishing Liability and Damages ......................... 8

              4.    The Ability of Defendants to Withstand a Larger Judgment .......... 8

              5.    The Range of Reasonableness In Light of the Best Possible Recovery and All the Risks of Litigation ....................................... 9

         B.     The Agreement Is the Product of Arm's-Length Settlement Negotiations. 9

         C.     The Agreement Complies with the Second Circuit's Decision in *Cheeks v. Freeport Pancake House* ......................................................................... 10

              1.    The Agreement is Public ................................................................. 10

              2.    A Limited Release Exists ................................................................ 10

              3.    The Non-Disparagement Provision Is Properly Tailored ............. 10

    II.    THE COURT SHOULD APPROVE PLAINTIFF COUNSEL'S FEES AND EXPENSES, AS THE AMOUNTS ARE REASONABLE ................................. 11

         A.     Counsel's Fees of One-Third of The Settlement Is Reasonable and Regularly Approved ................................................................................ 11

         B.     Counsel's Fee Request Is Further Reasonable Considering His Hourly Rate and Hours Expended .............................................................................. 12

               1.    The Requested Hourly Rates Are Reasonable .............................. 12

         C.     Plaintiff's Counsel Are Entitled to Their Expenses ................................ 14

CONCLUSION .................................................................................................. 15

i

<u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Alvarez v. Sterling Portfolio Inv. L.P.*
2017 U.S. Dist. Lexis 206043(E.D.N.Y. Dec. 13, 2017)...................................................... 6, 7, 9, 13

*Arbor Hill Concerned Citizens of Neighborhood Ass'n v. County of Albany*
522 F.3d 182, 184 (2d Cir. 2007)................................................................................... 12

*Bodon v. Domino's Pizza, LLC.*
2015 U.S. Dist. Lexis 17358 (E.D.N.Y. Jan. 16, 2015).................................................... 8

*Cabrera v. Thomas Schafer & Dream Team Tavern Corp.*
2017 U.S. Dist. LEXIS 24606 (E.D.N.Y. February 17, 2017) .................................... 13

*Campos v. Goode*
2011 U.S. Dist. Lexis 22959 (S.D.N.Y. March 4, 2011)............................................... 12

*Ceka v. PBM/CMSI Inc.*
2014 U.S. Dist. LEXIS 168169 (S.D.N.Y. Dec. 2, 2014) ........................................... 13

*Cheeks v. Freeport Pancake House, Inc.*
796 F.3d 199 (2d Cir. 2015)................................................................................. 2, 6, 10

*Cook v. First Revenue Assur., LLC,*
2012 U.S. Dist. LEXIS 10819 (E.D.N.Y. Jan. 9, 2012)…………………………………………14

*Cruz v. Plaza Motors of Brooklyn Inc.*
No. 1:16-cv-6177 (CLP), Dkt. No. 104 (E.D.N.Y. Dec. 11, 2019) ........................... 13

*Douyon v. NY Med. Health Care, P.C.,*
49 F. Supp. 3d 328 (E.D.N.Y. 2014) ....................................................................... 14

*Emiliano Nieto Zepeda v. Baggio, Ltd.*
2017 U.S. Dist. LEXIS 143332 (S.D.N.Y. Sept. 1, 2017)............................................ 11

*Febus v. Guardian First Funding Grp., LLC.*
870 F. Supp. 2d 337 (S.D.N.Y. 2012)....................................................................... 11

*Feuer v. Cornerstone Hotels Corp.*
2020 WL 401787 (E.D.N.Y. Jan. 24, 2020) .................................................................. 6

*Finkel v. Captre Elec. Supply Co. Inc.*
2015 U.S. Dist. Lexis 122282 (E.D.N.Y. July 31, 2015) .......................................... 14

*Garcia v. Pancho Villa's of Huntington Vill., Inc.*

2012 U.S. Dist. Lexis 144446 (E.D.N.Y. Oct. 4, 2012) ........................................................ 9, 12

*Gomez v. Midwood Lumber & Millwork, Inc.*
2018 U.S. Dist. Lexis 101019 (E.D.N.Y. June 17, 2018)........................................................ 10

*Hall v. Prosource Techs., LLC.*
2016 US. Dist. Lexis 53791 (E.D.N.Y. April 11, 2016)........................................................ 7, 14

*Huziankou v. NY Sweet Spot Cafe Inc. et al.*
No. 1:18-cv-05715 (RER), Dkt. No. 53 (E.D.N.Y. October 9, 2020) ......................................... 13

*Marquez v. Erenler, Inc.*
2014 U.S. Dist. LEXIS 159128 (S.D.N.Y. Nov. 10, 2014) ........................................................ 15

*Marshall v. Deutsche Post DHL.*
2015 U.S. Dist. Lexis 125869 (E.D.N.Y. Sept. 21, 2015) ...................................................... 7, 8

*Medley v. Am. Cancer Soc.*
2010 U.S. Dist. LEXIS 75098 (S.D.N.Y. July 23, 2010) ............................................................ 6

*Morris v. Affinity Health Plan, Inc.*
859 F. Supp. 2d 611 (S.D.N.Y. 2012)....................................................................................... 15

*Panganiban v. Medex Diagnostic and Treatment Ctr., LLC.*
2016 U.S. Dist. Lexis 29158 (E.D.N.Y. Mar. 7, 2016). ............................................................. 11

*Pastukh et al. v. Harbor Club Owners Association Inc., et al.*
No. 6:20-cv-00022 (GAP) (GJK), Dkt. No. 34 (M.D. Fla. Sept. 19, 2020) ................................ 13

*Qiting Yang v. Matsuya Quality Japanese, Inc.*
2017 U.S. Dist. Lexis 14823 (E.D.N.Y. 2017) ......................................................................... 11

*Rangel v. 639 Grand St. Meat & Produce Corp.*
2013 U.S. Dist. Lexis 134207 (E.D.N.Y. Sep. 19, 2013) .......................................................... 11

*Reiter v. MTA N.Y.C. Transit Auth.*
457 F.3d 224 (2d Cir. 2006)..................................................................................................... 12

*Salvador v. Highland Int'l Transpo. Serv. Inc.*
1:18-cv-5716 (SJB) (E.D.N.Y. July 25, 2019) ......................................................................... 13

*Sampaio v. Boulder Rock Creek Developers, Inc.*
2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007).............................................................. 7

*Sanchez v. Alan's R E 99 Cents & Up Inc.*
2018 U.S. Dist. LEXIS 70647 (E.D.N.Y. April 24, 2018) ...................................................... 6, 8

*Santos v. E T & K Foods, Inc.*
2019 U.S. Dist. Lexis 31581(E.D.N.Y. Feb. 26, 2019) ............................................................ 11


*Spencer v. No Parking Today, Inc., et al.*
No. 12-cv-6323 (ALC) (AJP), Dkt. No. 237 (S.D.N.Y. Feb. 20, 2015)...................................... 13

*Toure v. Amerigroup Corp.*
2012 U.S. Dist. Lexis 110300 (E.D.N.Y. Aug. 6, 2011) ............................................................ 9

*Wolinsky v. Scholastic Inc.*
2012 U.S. Dist. LEXIS 93918 (S.D.N.Y. July 5, 2012) ............................................................. 6

<u>Statutes</u>

N.Y. Lab. Law § 195.3 ........................................................................................................... 1, 3

N.Y. Lab. Law §§ 195.1 ......................................................................................................... 1, 3

Plaintiff Rafael Batista submits this memorandum of law, on behalf of all parties, seeking the Court's approval of the settlement agreement in this Fair Labor Standards Act matter.

PRELIMINARY STATEMENT

Plaintiff Rafael Batista alleges that he worked for Defendants' construction company in a variety of positions, including as a dump truck driver, paver, roadbuilder and core driller from March 2016 to December 24, 2016 and from March 2017 to April 6, 2018. He asserts in his July 30, 2020 Complaint several claims against them: unpaid overtime under the FLSA and New York Labor Law; failure to pay for all hours worked under Labor Law; record keeping violations under the N.Y. Lab. Law §§ 195.1 and 195.3; and breach of public works contracts due to unpaid prevailing wages and supplemental benefits for work performed on the publicly financed construction projects. He estimates his total recovery, minus interest and liquidated damages, to be $390,000.

Defendants strongly deny any wrongdoing and particularly deny that Plaintiff was their employee, that he worked the claimed hours and that he worked on any public jobs covered under the prevailing wage. Defendants have documentary evidence (weekly sign-in sheets and time sheets) identifying all laborers who were employed by Defendants on the prevailing wage projects on which Plaintiff claims to have worked.  Plaintiff's name is not present on any of these timesheets, nor does his name or signature appear on any of the sign-in sheets.  Defendants therefore maintain that Plaintiff was not an employee and did not work on any of these prevailing wage projects, and that he is not entitled to any payment of prevailing wages and supplemental benefits. Defendants also represent they lack the financial resources to pay the amount of the full recovery that Plaintiff seeks.

1

After a mediation session pursuant to the Court's Mediation Program, the parties agreed to resolve Plaintiff's claims for $50,000. This amount will be paid out within 10 days after the Court's approval of the settlement agreement, with Plaintiff receiving $32,933.33 and his counsel receiving $17,066.67 (i.e., one-third) in fees and expenses. The settlement agreement satisfies *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) in every respect. The parties accordingly respectfully seek the Court's approval of it.

## FACTUAL AND PROCEDURAL BACKGROUND

I.      Summary of Plaintiff's Claims

Defendants Heavy Construction Co. and Stenis Lomonaco operate a construction business, working on privately and publicly financed construction projects in the State of New York. Plaintiff alleges that Defendants employed him from March 2016 to December 24, 2016 and from March 2017 to April 6, 2018 to work on three public works projects covered under the prevailing wage schedules. Plaintiff also asserts that he worked at Defendants' yard on Sundays when the weather was too cold to work on the public works projects.

Plaintiff asserts that he worked in various positions on each public project, including as a paver and roadbuilder, core driller and dump truck driver. When he worked at the yard, he generally worked as a mechanic fixing heavy machinery, including excavators, drill machines and dump trucks.

On the public projects, Plaintiff worked Monday to Friday, from 6:30 a.m. or 7:00 a.m. to 5:00 p.m. or 6:30 p.m., equaling 10 to 12-hour days and an average of 55 hours per week. He, additionally, regularly worked at Defendants' yard on Sundays, 7 to 8 hour per day, 2 to 4 weeks per month, increasing his total hours worked to an average of 62.5 hours.

Plaintiff was entitled to be paid the prevailing wage and supplemental benefits for his work on the public projects. During his employment on the public works projects, the applicable prevailing wage rates for the positions he worked varied from $39.53 to $41.98 per hour and the supplemental benefits rates varied from $24.00 to $44.39 per hour.

Despite working on the public projects under the prevailing wage schedules and working 40-plus hours per week, Defendants paid him a fixed daily $230.00 salary. Consequently, his effective hourly rate was between $20.29 and $30.67, which is below the applicable prevailing wages. Defendants also completely failed to pay him any prevailing wage supplemental benefits.

This is not their only alleged unlawful compensation policy. Namely, they failed to pay him overtime premium pay when he worked more than 40 hours; at least twice a month, they failed to pay him any wages for his work on Sundays; they failed to provide him with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when he was hired or at any point in his employment; and they did not provide him with an accurate wage statement under N.Y. Lab. Law § 195.3 with any wage payment.

He, accordingly, asserts the following claims in his July 30, 2020 Complaint: unpaid overtime under the FLSA and New York Labor Law; failure to pay for all hours under the Labor Law; failure to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1; failure to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment; and breach of public works contracts for failure to pay prevailing wages and supplemental benefits for work performed on publicly financed construction projects within the State of New York.[1]

---

[1] July 30, 2020 Complaint (Doc. No. 1).

Based on his memory and estimates, Plaintiff calculates he is owed $44,908.20 in straight time prevailing wages on the public projects; $88,007.74 in overtime on the projects; $233,088.13 in supplemental benefits for straight time and overtime hours; $16,905.00 for unpaid overtime for working Sundays; and $10,000 for recordkeeping violations. He calculates his total recovery, minus interest and liquidated damages, to be $390,000.

## II.    Summary of Defendants' Defenses

Defendants strongly deny any wrongdoing and that Plaintiff is owed any money.[2] Specifically, they assert that Plaintiff was not an employee, but rather an independent contractor. They also assert that Plaintiff worked far fewer days than he alleges, and that he seldom worked over 40 hours per week and, as such, that he is owed a fraction of the claimed unpaid overtime wages.

Defendants further assert that Plaintiff did not perform work on the public projects. Instead, he worked at their yard and drove a truck between other privately financed jobsites. They further allege that even if Plaintiff occasionally was present at a public works project, he was not performing work that was covered under the public works contracts and prevailing wage schedules. Defendants assert that they have documentary evidence (weekly sign-in sheets and time sheets) identifying all laborers who were employed by Defendants on the prevailing wage projects on which Plaintiff claims to have worked.  Plaintiff's name is not present on any of these timesheets, nor does his name or signature appear on any of the sign-in sheets.  Defendants therefore maintain that Plaintiff was not an employee and did not work on any of these prevailing wage projects. Accordingly, Defendants assert that he was not entitled to any payment of prevailing wages and supplemental benefits. To support their position, they also provided specific

---

[2] September 25, 2020 Answer (Doc. No. 8).

4

information that only would have been known to laborers who actually worked on those public projects, which they asked Plaintiff to verify. He was unable to do so.

Defendants also represent that they lack the financial resources to pay the amount of the full recovery that Plaintiff seeks, especially with the Covid-19 pandemic disruptions that have heavily affected the construction industry during the last year.

III.   <u>Defendants, Settlement Negotiation History and Settlement Terms</u>

On September 30, 2020, the Court referred this matter to mediation. In anticipation of the mediation, the parties exchanged a meaningful amount of informal discovery on the claims and defenses of this action. On December 10, 2020, the parties participated in the mediation with the Court-appointed mediator, Terri M. Solomon, a highly experienced wage and hour mediator and litigator. At the mediation, the parties reached an agreement to settle this matter for $50,000.00.

$32,933.33 of the $50,000.00 will be paid to Plaintiff, with the remaining $17,066.67 being paid to his counsel, Lipsky Lowe, for attorneys' fees and expenses.[3] The $17,066.67 equals one-third of the $50,000.00 settlement: $16,466.66 in fees and $400.00 in expenses. The payments for the agreed amounts shall be delivered to Plaintiff's counsel within 10 days of the Court approving this Agreement.[4]

IV.   <u>Procedural History</u>

When the settlement was reached, the parties had not exchanged formal discovery and depositions had not been taken.

---

[3] January 20, 2021 Settlement Agreement and Release of Claims ("Agreement") ¶ 1.a., Exhibit A to Douglas B. Lipsky's February 3, 2021 Declaration ("Lipsky Dec.").
[4] Agreement ¶ 1.b.

LEGAL ARGUMENT

I.     THE SETTLEMENT AGREEMENT SHOULD BE APPROVED AS IT IS FAIR AND
       REASONABLE UNDER THE CIRCUMSTANCES AND COMPLIES WITH THE
       SECOND CIRCUIT'S DECISION IN *CHEEKS V. FREEPORT PANCAKE HOUSE, INC.*

       A.     The Settlement Agreement is Fair and Reasonable

       A court should consider the totality of circumstances to determine whether the proposed

settlement is fair and reasonable. This includes at least five factors: (1) the complexity, expense

and likely duration of litigation; (2) the stage of the proceedings; (3) the risks of establishing

liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger

judgment; and (6) the range of reasonableness in light of the best possible recovery and all the

risks of litigation. *Alvarez v. Sterling Portfolio Inv. L.P.*, No. 1:16-cv-5337 (CBA)(VMS), 2017

U.S. Dist. Lexis 206043, at *25 (E.D.N.Y. Dec. 13, 2017); *Wolinsky v. Scholastic Inc.*, No. 11-cv-

5917 (JMF), 2012 U.S. Dist. LEXIS 93918, at *4-5 (S.D.N.Y. July 5, 2012) (citing *Medley v. Am.

Cancer Soc.*, No. 1:10-cv-3214 (BSJ), 2010 U.S. Dist. LEXIS 75098, at *3 (S.D.N.Y. July 23,

2010)).

       In considering these factors, courts may enter judgment on a basis that does not require full

payment of plaintiff's claims or liquidated damages. This is appropriate where, like here, there is

a strong likelihood that the defendants would be able to defeat a plaintiff's claims based on the

existence of records documenting the hours worked by all employees, and by the likelihood that

the defendants could not satisfy a full judgment. *See Feuer v. Cornerstone Hotels Corp.,* No. 14-

CV-5388 (JFB) (SIL), 2020 WL 401787, *4, *9-*10 (E.D.N.Y. Jan. 24, 2020) (dismissing the bulk

of plaintiffs' claims based on defendant's records); *Sanchez v. Alan's R E 99 Cents & Up Inc.*, No.

1:16-cv-1881 (CBA) (LB), 2018 U.S. Dist. LEXIS 70647, *9 (E.D.N.Y. April 24, 2018)

(approving settlement that provides for 20% of the claimed damages based on defendants'

6

financial condition); *Sampaio v. Boulder Rock Creek Developers, Inc.*, No. 1:07-cv-153 (ETB) 2007 U.S. Dist. LEXIS 66013, *3 (E.D.N.Y. Sept. 6, 2007) (approving settlement as reasonable in light of the parties' disputes on the number hours plaintiff worked, and the "respective burdens the parties face with respect to their claims and defenses").

       1.     Case Complexity, Expense and Duration of Litigation

While certain parts of this FLSA matter are not highly complex, serious factual and legal questions exist that would require heavy litigation. The parties do not agree on the basic facts, including the hours Plaintiff worked, whether he was an employee or independent contractor and whether his work is covered under prevailing wage contracts. While some informal discovery occurred, if this case were to proceed, the parties would need to depose multiple witnesses, engage in extensive written discovery on multiple public projects and possibly conduct expert discovery. This litigation would be costly and time-consuming. As such, this factor favors approving the settlement. *See Marshall v. Deutsche Post DHL*, 1:13-cv-1471 (RJD) (JO), 2015 U.S. Dist. Lexis 125869, at *12  (E.D.N.Y. Sept. 21, 2015) (finding that costly litigation favors approving settlement).

       2.     The Stage of the Proceedings

While the parties have not engaged in formal discovery, they exchanged meaningful informal discovery, allowing them to adequately evaluate the strengths and weaknesses of their respective claims and defenses. This favors approving the settlement. *See Alvarez*, 2017 U.S. Dist. Lexis 206043, at *8 (approving settlement where discovery was incomplete but the parties had sufficient information to analyze the case); *Hall v. Prosource Techs., LLC,* No. 1:14-cv-2502 (SIL), 2016 US. Dist. Lexis 53791, at *39 (E.D.N.Y. April 11, 2016) (approving settlement where informal discovery was exchanged sufficient enough the parties had "adequate knowledge of the strengths and weaknesses of their respective claims and defenses").

### 3.     The Risks of Establishing Liability and Damages

The settlement will enable Plaintiff to avoid litigation risk. The largest portion of his claimed damages is the unpaid overtime premium pay at prevailing wage rates and supplemental benefits under public work contracts. Three significant risks exist for these claims. First, he has to establish that he worked on public projects and entitled to prevailing wages and supplemental benefits. Second, if Plaintiff is unable to fulfill this burden, his unpaid wage damages would be reduced from $382,909.06 to, at most, $32,125.59. Third, Defendants sharply disagree on the hours that he worked, and assert that their records concerning the prevailing wage projects on which Plaintiff claims to have worked are sufficient to defeat his claims in their entirety. If true, this would further reduce Plaintiff's claimed damages. It is accordingly uncertain whether, or how much, he would recover at trial; therefore, this factor favors approval of the settlement. *See Marshall*, 2015 U.S. Dist. Lexis 125869, at *13 (explaining because the case was not a "slam dunk" these factors favor approval); *Bodon v. Domino's Pizza, LLC*, No. 1:09-cv-2941 (SLT), 2015 U.S. Dist. Lexis 17358 (E.D.N.Y. Jan. 16, 2015) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the uncertainties the class faces . . . .").

### 4.     The Ability of Defendants to Withstand a Larger Judgment

Defendants represent they lack the financial resources to pay the total amount of Plaintiff's claimed damages. This is a factor in him agreeing to resolve his claims for less than his claimed damages. The settlement, however, remains reasonable considering Defendants' financial condition. *See Sanchez*, 2018 U.S. Dist. LEXIS 70647, *9 (approving settlement that provides for 20% of the claimed damages based on defendants' financial condition).

5.     The Range of Reasonableness In Light of the Best Possible Recovery and
         All the Risks of Litigation

Plaintiff calculates his total recovery, excluding interest and liquidated damages, to be $382,909.06. To obtain this, he would have to prove that he worked on the public projects, that the work he performed was covered by public works contracts and that he worked 55 to 68 hours per week. Defendants, again, assert that while Plaintiff performed work as an independent contractor, he was not an employee and he did not work on public projects (as Defendants assert is borne out by their records of the laborers who actually worked on those projects), and that his work duties were not covered under public work contracts or prevailing wage schedules. They also sharply dispute the number of hours he worked per week, asserting that he rarely worked any overtime. A real likelihood therefore exists that he would recover, at most, $32,000 in wages. This range favors approval. *See Alvarez,* 2017 U.S. Dist. Lexis 206043, at * 25. (approving an FLSA settlement where plaintiff's recovery range varied significant on the success of certain defenses). The settlement amount is, at bottom, reasonable.

B.     The Agreement Is the Product of Arm's-Length Settlement Negotiations

The settlement was reached after the parties exchanged meaningful informal discovery, a mediation with a Court-appointed mediator and extensive arm's-length negotiations between counsel well-versed in this legal area.[5] These factors favor approval. *See Garcia v. Pancho Villa's of Huntington Vill., Inc.*, No. 1:09-cv-486 (ETB), 2012 U.S. Dist. Lexis 144446, at * 7-8 (E.D.N.Y. Oct. 4, 2012) (approving settlement that was reached following arm's-length negotiations and with a mediator's assistance); *Toure v. Amerigroup Corp.*, No. 1:10-cv-5391, 2012 U.S. Dist. Lexis 110300, at *8 (E.D.N.Y. Aug. 6, 2011) ("Arm's-length negotiations involving counsel and a

---

[5] Lipsky Dec. ¶¶ 5, 7, 8.

mediator raise a presumption that the settlement achieved meets the requirements of due process.").

C.    The Agreement Complies with the Second Circuit's Decision in *Cheeks v. Freeport Pancake House*

In August 2015, the Second Circuit resolved an arguably unsettled issue: parties cannot privately settle FLSA claims without either the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The Court also explained in *dicta* when an FLSA settlement is valid. Namely, it questioned the validity of agreements that contain confidentiality provisions, single-sided general releases and attorneys' fees that go beyond a certain percentage. *Id.* None of those issues are present in the Agreement.

1.    The Agreement is Public

The Agreement does not contain a confidentiality provision and the parties acknowledge it will be publicly available and filed on the CM/ECF system. This concern thus does not exist, favoring approval.

2.    A Limited Release Exists

The release is limited to the wage and hour claims asserted in this action. This favors approval.[6] *See Gomez v. Midwood Lumber & Millwork, Inc.,* No. 1:17-cv-3064 (KAM)(JO), 2018 U.S. Dist. Lexis 101019, at * 15 (E.D.N.Y. June 17, 2018).

3.    The Non-Disparagement Provision Is Properly Tailored

The Agreement's non-disparagement language permits Plaintiff to truthfully discuss with others the facts and claims in this lawsuit.[7] This provision is therefore consistent with the FLSA's purpose. *See Qiting Yang v. Matsuya Quality Japanese, Inc.,* 1:15-cv-1949 (JS)(ARL), 2017 U.S.

---

[6] Agreement ¶ 1.c.
[7] Agreement ¶ 6.a.

10

Dist. Lexis 14823, *4 (E.D.N.Y. 2017) (explaining a non-disparagement provision, to comply with the FLSA, must permit the employee to discuss with others his or claims and litigation experience.); *Panganiban v. Medex Diagnostic and Treatment Ctr., LLC,* No. 1:15-cv-2588 (AMD)(LB), 2016 U.S. Dist. Lexis 29158, at * 6 (E.D.N.Y. Mar. 7, 2016).

II.     THE COURT SHOULD APPROVE PLAINTIFF COUNSEL'S FEES AND
        EXPENSES, AS THE AMOUNTS ARE REASONABLE

        A.     Counsel's Fees of One-Third of The Settlement Is Reasonable and Regularly
               Approved

        Plaintiff's Counsel shall receive under the Agreement, subject to the Court's approval, $17,066.67, equaling one-third of the $50,000.00 settlement: $16,466.66 in fees and $400.00 in expenses. This amount is reasonable as contingency fees of one-third in the FLSA context are routinely approved. *Santos v. E T & K Foods, Inc.*, No. 1:16-cv-7107 (DLI)(VMS), 2019 U.S. Dist. Lexis 31581, at 28 (E.D.N.Y. Feb. 26, 2019) (approving a one-third fee request and acknowledging "[A] one-third contingency fee is a commonly accepted fee in this Circuit."); *Rangel v. 639 Grand St. Meat & Produce Corp*, No. 1:13-cv-3234 (LB) 2013 U.S. Dist. Lexis 134207 (E.D.N.Y. Sep. 19, 2013) (approving attorney's fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); *Febus v. Guardian First Funding Grp., LLC*, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) ("[A] fee that is one-third of the fund is typical" in FLSA cases). It remains reasonable for counsel to receive one-third of the fund even when the plaintiff is not receiving 100% of his claimed damages. *Emiliano Nieto Zepeda v. Baggio, Ltd.*, No. 1:17-cv-2290 (VB), 2017 U.S. Dist. LEXIS 143332, at *2 (S.D.N.Y. Sept. 1, 2017) (approving one-third request when plaintiff is receiving 50% of his claimed damages).

Also, this firm assumed a meaningful financial risk when agreeing to represent Plaintiff under this contingency fee arrangement: counsel invested its time and effort and advanced costs and expenses with no guarantee of compensation. Indeed, in unsuccessful cases, this firm does not recover anything despite investing hundreds of hours and thousands in expenses. This assumption of risk further favors approving the one-third contingency fee. *See Garcia*, 2012 U.S. Dist. Lexis 144446, at *20; *Campos v. Goode*, No. 1:10-cv-224 (DF), 2011 U.S. Dist. Lexis 22959, at *19 (S.D.N.Y. March 4, 2011).

B.    Counsel's Fee Request Is Further Reasonable Considering His Hourly Rate and Hours Expended

Plaintiff's Counsel has expended more than 99.90 hours on this matter at hourly rates of $400, $300 and $95, totaling at least $31,724.50 in fees.[8] These hours and hourly rates are reasonable.

1.    The Requested Hourly Rates Are Reasonable

Counsel's hourly rates are reasonable. A reasonable hourly rate is one which a "paying client would be willing to pay." *Arbor Hill Concerned Citizens of Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184 (2d Cir. 2007). To find a reasonable hourly rate, the Court must determine whether the requested rates are "in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006).

Plaintiff requests a rate of $400 for Douglas Lipsky, which is reasonable considering he has practiced employment law for more than fifteen years. Courts, recognizing this background, have previously approved this rate. *See Huziankou v. NY Sweet Spot Cafe Inc. et al.*, No. 1:18-cv-

---

[8] Lipsky Dec. Exhibit B.

05715 (RER), Dkt. No. 53 (E.D.N.Y. October 9, 2020) (approving Lipsky's rate of $400 as reasonable in an FLSA matter); *Cruz v. Plaza Motors of Brooklyn Inc.,* No. 1:16-cv-6177 (CLP), Dkt. No. 104 (E.D.N.Y. Dec. 11, 2019) (same); *Spencer v. No Parking Today, Inc., et al.*, No. 12-cv-6323 (ALC) (AJP), Dkt. No. 237 (S.D.N.Y. Feb. 20, 2015) (approving one-third fee request in which, for lodestar purposes, Lipsky's hourly rate was $400); *Ceka v. PBM/CMSI Inc.*, No. 12-cv-1711 (DAB), 2014 U.S. Dist. LEXIS 168169, *20 (S.D.N.Y. Dec. 2, 2014) (same). Those decisions are consistent with what other courts within this District have approved for attorneys with similar experience. *See Alvarez*, 2017 U.S. Dist. Lexis 206043, at * 19 (approving $400 hourly rate for partner who graduated in 2003 and had 14 years of experience); *Cabrera v. Thomas Schafer & Dream Team Tavern Corp.*, No. 1:12-cv-6323 (ADS), 2017 U.S. Dist. LEXIS 24606, *6 (E.D.N.Y. February 17, 2017) (recognizing courts within the Eastern District approve up to $400 hourly rate for partners in FLSA matters). Also, Mr. Lipsky represents individuals who regularly pay him an hourly rate that exceeds $500, underscoring the reasonableness of the requested rate.[9]

Plaintiff requests an hourly rate of $300 for Milana Dostanitch. She is a sixth-year associate who graduated in 2014 from Fordham University School of Law and has practiced exclusively in employment law since graduating. Ms. Dostanitch has been approved at $300.00 in previous cases. *See Huziankou v. NY Sweet Spot Cafe Inc. et al.,* No. 1:18-cv-05715 (RER), Dkt. No. 53 (E.D.N.Y. October 9, 2020) (approving Ms. Dostanitch's rate of $300 as reasonable in an FLSA matter); *Salvador v. Highland Int'l Transpo. Serv. Inc.*, 1:18-cv-5716 (SJB) (E.D.N.Y. July 25, 2019) (same); *Pastukh et al. v. Harbor Club Owners Association Inc., et al.*, No. 6:20-cv-00022 (GAP) (GJK), Dkt. No. 34 (M.D. Fla. Sept. 19, 2020) (same). Moreover, faced with attorneys with similar

---

[9] Lipsky Dec. ¶ 6.

13

experience, have approved this rate. *See Hall*, 2016 US. Dist. Lexis 53791, at *39 (approving $300 hourly rate for fifth-year associate); *Finkel v. Captre Elec. Supply Co. Inc.*, No. 1:14-cv-3584 (RJD)(JO), 2015 U.S. Dist. Lexis 122282, at * 15 (E.D.N.Y. July 31, 2015) (recommending hourly rate of $300 for attorney with six years of experience). Like Mr. Lipsky, when she represents individuals who pay an hourly rate, Ms. Dostanitch charges them rates that exceed the requested rate.[10]

Plaintiff, finally, requests an hourly rate of $95 for the paralegal on his matter, Carmenliggia Espinal. Ms. Espinal graduated with a master's degree in Public Administration from John Jay College of Criminal Justice in 2013 and a master's degree in Paralegal Studies from George Washington University in 2017. She has worked as a paralegal since 2013. Her rate is consistent with what is approved in this District. *See Douyon v. NY Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 348- 349 (E.D.N.Y. 2014) (awarding $95.00 for paralegal work, including for a paralegal with eight years of experience); *Cook v. First Revenue Assur., LLC*, 2012 U.S. Dist. LEXIS 10819, at *8 (E.D.N.Y. Jan. 9, 2012) (noting that "in recent years, fee awards in this district have approved hourly rates in the range of . . . $70.00 to $100.00 for paralegal[s].")

These rates are reasonable on their face. They are even further reasonable considering Counsel's request for $17,066.67 in fees equals 53.7% of their total fees of $31,724.50 ($17,066.67/$31,724.50).

## C.    Plaintiff's Counsel Are Entitled to Their Expenses

Plaintiff's Counsel are entitled to recover costs in additional to their reasonable fees. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663. These include reimbursement for, by way of example, filing fees, process servers, copying and postage. *See Marquez v. Erenler, Inc.*, No. 12-

---

[10] *Id.*

cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128, at *9 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server expenses); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage).

Here, Counsel is seeking $400.00 in expenses.[11] As this amount includes expenses for filing fees. Counsel should be reimbursed for them.

<u>CONCLUSION</u>

For the foregoing reasons, the parties respectfully submit the Court should approve the Agreement as fair and reasonable and approve Plaintiff Counsel's requested fees and expenses.

Dated: New York, New York
         February 3, 2021

                          Respectfully submitted,
                          LIPSKY LOWE LLP


                          <u>s/ Douglas B. Lipsky</u>
                          Douglas B. Lipsky
                          Milana Dostanitch
                          420 Lexington Avenue, Suite 1830
                          New York, New York 10170-1830
                          212.3924772
                          *Plaintiff's Counsel*

---

[11] Lipsky Dec. Exhibit C.

15